1  STEPTOE & JOHNSON, LLP
   Laurie Edelstein (Bar No. 164466)
2  ledelstein@steptoe.com
   Seth Sias (Bar No. 260674)
3  ssias@steptoe.com

4  1891 Page Mill Road
   Suite 200
5  Palo Alto, CA 94304
   TEL: +1 650 687 9500
6  FAX: +1 650 687 9499

7  Attorneys for Plaintiff
   BROADCOM CORPORATION
8

9           UNITED STATES DISTRICT COURT

10      FOR THE CENTRAL DISTRICT OF CALIFORNIA

11               SOUTHERN DIVISION

12

13  BROADCOM CORPORATION,          Case No. 17 Civ. 404

14            Plaintiff,           COMPLAINT FOR PATENT
                                   INFRINGEMENT
15       v.

16  LG ELECTRONICS INC. and LG     **DEMAND FOR JURY TRIAL**
    ELECTRONICS U.S.A. INC.,
17
              Defendants.
18

19       Plaintiff Broadcom Corporation ("Broadcom"), by and through its

20  undersigned counsel, files this Complaint for Patent Infringement relating to several

21  U.S. patents as identified below (collectively, the "Patents-in-Suit") and alleges as

22  follows:

23                   **THE PARTIES**

24       1.    Plaintiff Broadcom Corporation ("Broadcom" or "Plaintiff") is a

25  California corporation having its principal place of business at 5300 California

26  Avenue, Irvine, CA 92617.  It was acquired by Avago Technologies, Ltd. in 2016

27

28

and currently operates as a wholly-owned subsidiary of the merged entity now known as Broadcom Limited.

2.     On information and belief, LG Electronics Inc. ("LG Korea") is a corporation organized under the laws of South Korea with its principal place of business at Twin Tower 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, Korea 150-721.

3.     On information and belief, LG Electronics U.S.A., Inc. ("LG USA") is a corporation organized under the laws of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  On information and belief, LG USA is a wholly-owned subsidiary of LG Korea.

## JURISDICTION AND VENUE

4.     Broadcom brings this civil action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.*, including 35 U.S.C. §§ 271, 281-285.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     Upon information and belief, Defendants LG Korea and LG USA (collectively, "LG") transact and conduct business in this District and the State of California, and are subject to the personal jurisdiction of this Court. Upon information and belief, LG has minimum contacts within the State of California and this District and has purposefully availed itself of the privileges of conducting business in the State of California and in this District.  Broadcom's causes of action arise directly from LG's business contacts and other activities in the State of California and in this District.  Upon information and belief, LG has committed acts of infringement, both directly and indirectly, within this District and the State of California by, *inter alia*, using, selling, offering for sale, importing, advertising, and/or promoting products that infringe one or more claims of the Patents-in-Suit. More specifically, LG, directly and/or through intermediaries, uses, sells, ships, distributes, offers for sale, advertises, and otherwise promotes its products in the

1  United States, the State of California, and this District.  Upon information and

2  belief, LG solicits customers in the State of California and this District, and has

3  customers who are residents of the State of California and this District and who use

4  LG's products in the State of California and in this District.

5     6.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

6                      **THE PATENTS-IN-SUIT**

7     7.     Broadcom owns by assignment the entire right, title, and interest in

8  U.S. Patent No. 8,284,844 (the "MacInnis '844 patent"), which is entitled "Video

9  Decoding System Supporting Multiple Standards."  The MacInnis '844 patent

10  issued on October 9, 2012 to inventors Alexander MacInnis, Jose Alvarez, Sheng

11  Zhong, Xiaodong Xie, and Vivian Hsiun from United States Patent Application

12  No. 10/114,798, filed on April 1, 2002.  A true and correct copy of the MacInnis

13  '844 patent is attached as **Exhibit A** to this Complaint.

14     8.     Broadcom owns by assignment the entire right, title, and interest in

15  U.S. Patent No. 7,590,059 (the "Gordon '059 patent"), which is entitled

16  "Multistandard Video Decoder."  The Gordon '059 patent issued on September 15,

17  2009 to inventor Stephen Gordon from United States Patent Application

18  No. 11/000,731, filed on December 1, 2004.  A true and correct copy of the Gordon

19  '059 patent is attached as **Exhibit B** to this Complaint.

20     9.     Broadcom owns by assignment the entire right, title, and interest in

21  U.S. Patent No. 8,068,171 (the "Aggarwal '171 patent"), which is entitled "High

22  Speed for Digital Video."  The Aggarwal '171 patent issued on November 29, 2011

23  to inventors Gaurav Aggarwal, M K Subramanian, Sandeep Bhatia, Santosh

24  Savekar, and K Shivapirakasan from United States Patent Application

25  No. 12/730,911, filed on March 24, 2010.  A true and correct copy of the Aggarwal

26  '171 patent is attached as **Exhibit C** to this Complaint.

27     10.     Broadcom owns by assignment the entire right, title, and interest in

28  U.S. Patent No. 7,310,104 (the "MacInnis '104 patent"), which is entitled "Graphics

1   Display System with Anti-Flutter Filtering and Vertical Scaling."  The MacInnis

2   '104 patent issued on December 18, 2007 to inventors Alexander MacInnis,

3   Chengfuh Jeffrey Tang, Xiaodong Xie, James Patterson, and Greg Kranawetter from

4   United States Patent Application No. 11/511,042, filed on August 28, 2006.  A true

5   and correct copy of the MacInnis '104 patent is attached as **Exhibit D** to this

6   Complaint.

7         11.   Broadcom owns by assignment the entire right, title, and interest in

8   U.S. Patent No. 7,342,967 (the "Aggarwal '967 patent"), which is entitled "System

9   and Method for Enhancing Performance of Personal Video Recording (PVR)

10  Functions on HITS Digital Video Streams."  The Aggarwal '967 patent issued on

11  March 11, 2008 to inventors Gaurav Aggarwal, Marcus Kellerman, David Erickson,

12  Jason Demas, Sandeep Bhatia, Girish Hulmani, and Arun Gopalakrishna Rao from

13  United States Patent Application No. 10/317,642, filed on December 11, 2002.  A

14  true and correct copy of the Aggarwal '967 patent is attached as **Exhibit E** to this

15  Complaint.

16                         **BACKGROUND**

17        12.   Founded by Henry Samueli and Henry Nicholas in 1991 in Los

18  Angeles, California, Broadcom has grown to be a global leader in the semiconductor

19  industry.  Broadcom provides one of the industry's broadest portfolios of highly-

20  integrated SoCs that seamlessly deliver voice, video, data, and multimedia

21  connectivity in the home, office, and mobile environments.  From its headquarters in

22  Irvine, California, Broadcom has expanded its footprint across the United States and

23  around the world, employing thousands of individuals globally and in the United

24  States.  A brief overview of Broadcom's history can be found on its website at:

25  https://www.broadcom.com/company/about-us/company-history/.

26        13.   Broadcom's continued success depends in substantial part upon its

27  constant attention to research and development.  From 2015 to 2016, Broadcom

28  spent $3.7 billion on research and development for its products.  $2.7 billion of the

$3.7 billion was spent in 2016 alone. **Exhibit F** (Broadcom Limited 2016 Form 10-K), at 47. Prior to its acquisition, Broadcom Corporation's research and development expense was $2.37 billion, $2.49 billion and $2.32 billion in 2014, 2013, and 2012, respectively. **Exhibit G** (Broadcom Limited 2014 Form 10-K), at 6.

14. Broadcom relies on the patent system as an important part of its intellectual property program to protect the valuable technology and inventions resulting from this research and development. As of October 30, 2016, Broadcom Limited had approximately 27,640 U.S. and other patents and approximately 3,020 U.S. and other pending patent applications. Broadcom Limited's research and development efforts are presently resulting in approximately 350 new patent applications per year. **Exhibit F** (Broadcom Limited 2016 Form 10-K), at 8.

15. The Accused Products are generally semiconductor components (such as, for example, various system on a chip ("SoC") and similar processing components and circuits) and consumer audiovisual products containing the same, including, without limitation, digital televisions ("DTVs"), set-top boxes, Blu-ray disc players, DVD players/recorders, DTV/DVD combinations, DTV/Blu-Ray combinations, multimedia streaming players, home theater systems, and other similar audiovisual devices and systems imported, marketed and/or sold by LG in the United States.

16. On information and belief, LG directly infringes, induces infringement of, and contributorily infringes the Patents-In-Suit by making, using, selling, offering for sale, and importing articles, including specific SoCs and any processing components and circuits that feature the same or substantially similar infringing functionality, which are covered by the claims of the Patents-In-Suit.

17. On information and belief, LG directly infringes, induces infringement of, and contributorily infringes the Patents-In-Suit by making, using, selling, offering for sale, and importing articles, including consumer audiovisual products

1  that incorporate the above accused SoCs, which are covered by the claims of the

2  Patents-In-Suit.

3      18.    On information and belief, in addition to the specific SoCs and

4  televisions listed below in Count 1-5, any processing components and circuits that

5  feature the same or substantially similar infringing functionality and any consumer

6  audiovisual products of LG that incorporate such SoCs, or similar processing

7  components and circuits, infringe the Patents-In-Suit.

8                          **COUNT 1**

9              **(Infringement of the MacInnis '844 Patent)**

10     19.    Broadcom incorporates by reference each and every allegation in the

11  preceding paragraphs.

12     20.    Defendants are making, using, offering to sell, selling, and/or importing

13  into the United States products that infringe at least claim 1 of the MacInnis '844

14  patent, including but not limited to the following products:  LG 60UH8500 Smart

15  LED TV (incorporates LG LG1312 ARM 1614 B1 TGP816.00A); LG OLED55C6P

16  OLED 4K HDR Smart TV (incorporates LG LG1312 ARM 1621 B1

17  TGV098.00A); and LG 55UH7700 Smart LED TV (incorporates LG XD Engine

18  LGE6551-AA2 G5E73E1 GG23C).

19     21.    Defendants have had actual knowledge of the MacInnis '844 patent

20  since at least as of the date they were served with this Complaint, and at least since

21  that date have had actual knowledge that one or more of their products infringes one

22  or more claims of the MacInnis '844 patent.

23     22.    On information and belief, Defendants have induced and will continue

24  to induce the infringement of at least one claim of the MacInnis '844 patent, in

25  violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly

26  aiding and abetting others (including Defendants' sales and service subsidiaries,

27  Defendants' authorized dealers and repair service providers, manufacturers who

28  incorporate Defendants' products into downstream consumer products, retailers of

1  downstream consumer products that incorporate Defendants' products, and

2  consumers and end users) to infringe the MacInnis '844 patent with the specific

3  intent to encourage their infringement, through activities such as marketing

4  Defendants' products, creating and/or distributing drivers, data sheets, application

5  notes, and/or similar materials with instructions on using or rendering operable

6  downstream consumer products that incorporate Defendants' products.

7       23.    On information and belief, the Defendants contribute to the

8  infringement of one or more claims of the MacInnis '844 patent, in violation of 35

9  U.S.C. § 271(c), by, among others, end users, because they know that the Accused

10 Products – and, specifically, their above-mentioned products that incorporate the

11 accused SoCs – embody a material part of the claimed inventions of the MacInnis

12 '844 patent, that they are specially made or specially adapted for use in an

13 infringement of the claims, and that they are not staple articles of commerce suitable

14 for substantial non-infringing use.

15      24.    On information and belief, Defendants' past and continuing

16 infringement has been deliberate and willful, and this case is therefore an

17 exceptional case, which warrants an award of treble damages and attorneys' fees to

18 Plaintiff pursuant to 35 U.S.C. § 285. After receiving actual knowledge of the

19 MacInnis '844 patent, Defendants have continued to make, use, sell, offer for sale,

20 and/or import infringing products into the United States despite knowing that there

21 was an objectively high likelihood of infringement of the MacInnis '844 patent. To

22 the extent Defendants did not know of the objectively high likelihood of

23 infringement, it was so obvious that it should have been known to Defendants.

24      25.    The infringement of the MacInnis '844 patent by Defendants will

25 continue unless enjoined by this Court.

26      26.    The infringing activities by Defendants have caused and will continue

27 to cause irreparable injury to Broadcom for which there exists no adequate remedy

28 at law.

## COUNT 2

### (Infringement of the Gordon '059 Patent)

27.     Broadcom incorporates by reference each and every allegation in the preceding paragraphs.

28.     Defendants are making, using, offering to sell, selling, and/or importing into the United States products that infringe at least claims 11 ad 21 of the Gordon '059 patent, including but not limited to the following products:  LG 60UH8500 Smart LED TV (incorporates LG LG1312 ARM 1614 B1 TGP816.00A); LG OLED55C6P OLED 4K HDR Smart TV (incorporates LG LG1312 ARM 1621 B1 TGV098.00A); and LG 55UH7700 Smart LED TV (incorporates LG XD Engine LGE6551-AA2 G5E73E1 GG23C).

29.     Defendants have had actual knowledge of the Gordon '059 patent since at least as of the date they were served with this Complaint, and at least since that date have had actual knowledge that one or more of their products infringes one or more claims of the Gordon '059 patent.

30.     On information and belief, Defendants have induced and will continue to induce the infringement of at least one claim of the Gordon '059 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendants' sales and service subsidiaries, Defendants' authorized dealers and repair service providers, manufacturers who incorporate Defendants' products into downstream consumer products, retailers of downstream consumer products that incorporate Defendants' products, and consumers and end users) to infringe the Gordon '059 patent with the specific intent to encourage their infringement, through activities such as marketing Defendants' products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendants' products.

31.     On information and belief, the Defendants contribute to the infringement of one or more claims of the Gordon '059 patent, in violation of 35 U.S.C. § 271(c), by, among others, end users, because they know that the Accused Products – and, specifically, their above-mentioned products that incorporate the accused SoCs – embody a material part of the claimed inventions of the Gordon '059 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

32.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the Gordon '059 patent, Defendants have continued to make, use, sell, offer for sale, and/or import infringing products into the United States despite knowing that there was an objectively high likelihood of infringement of the Gordon '059 patent.  To the extent Defendants did not know of the objectively high likelihood of infringement, it was so obvious that it should have been known to Defendants.

33.     The infringement of the Gordon '059 patent by Defendants will continue unless enjoined by this Court.

34.     The infringing activities by Defendants have caused and will continue to cause irreparable injury to Broadcom for which there exists no adequate remedy at law.

## COUNT 3

### (Infringement of the Aggarwal '171 Patent)

35.     Broadcom incorporates by reference each and every allegation in the preceding paragraphs.

36.     Defendants are making, using, offering to sell, selling, and/or importing into the United States products that infringe at least claims 1, 6, and 7 of the

1  Aggarwal '171 patent, including but not limited to the following products:  LG

2  60UH8500 Smart LED TV (incorporates LG LG1312 ARM 1614 B1

3  TGP816.00A); LG OLED55C6P OLED 4K HDR Smart TV (incorporates LG

4  LG1312 ARM 1621 B1 TGV098.00A); and LG 55UH7700 Smart LED TV

5  (incorporates LG XD Engine LGE6551-AA2 G5E73E1 GG23C).

6       37.    Defendants have had actual knowledge of the Aggarwal '171 patent

7  since at least as of the date they were served with this Complaint, and at least since

8  that date have had actual knowledge that one or more of their products infringes one

9  or more claims of the Aggarwal '171 patent.

10       38.    On information and belief, Defendants have induced and will continue

11  to induce the infringement of at least one claim of the Aggarwal '171 patent, in

12  violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly

13  aiding and abetting others (including Defendants' sales and service subsidiaries,

14  Defendants' authorized dealers and repair service providers, manufacturers who

15  incorporate Defendants' products into downstream consumer products, retailers of

16  downstream consumer products that incorporate Defendants' products, and

17  consumers and end users) to infringe the Aggarwal '171 patent with the specific

18  intent to encourage their infringement, through activities such as marketing

19  Defendants' products, creating and/or distributing drivers, data sheets, application

20  notes, and/or similar materials with instructions on using or rendering operable

21  downstream consumer products that incorporate Defendants' products.

22       39.    On information and belief, the Defendants contribute to the

23  infringement of one or more claims of the Aggarwal '171 patent, in violation of 35

24  U.S.C. § 271(c), by, among others, end users, because they know that the Accused

25  Products – and, specifically, their above-mentioned products that incorporate the

26  accused SoCs – embody a material part of the claimed inventions of the Aggarwal

27  '171 patent, that they are specially made or specially adapted for use in an

28

1   infringement of the claims, and that they are not staple articles of commerce suitable

2   for substantial non-infringing use.

3       40.    On information and belief, Defendants' past and continuing

4   infringement has been deliberate and willful, and this case is therefore an

5   exceptional case, which warrants an award of treble damages and attorneys' fees to

6   Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the

7   Aggarwal '171 patent, Defendants have continued to make, use, sell, offer for sale,

8   and/or import infringing products into the United States despite knowing that there

9   was an objectively high likelihood of infringement of the Aggarwal '171 patent. To

10  the extent Defendants did not know of the objectively high likelihood of

11  infringement, it was so obvious that it should have been known to Defendants.

12      41.    The infringement of the Aggarwal '171 patent by Defendants will

13  continue unless enjoined by this Court.

14      42.    The infringing activities by Defendants have caused and will continue

15  to cause irreparable injury to Broadcom for which there exists no adequate remedy

16  at law.

17                          **COUNT 4**

18              **(Infringement of the MacInnis '104 Patent)**

19      43.    Broadcom incorporates by reference each and every allegation in the

20  preceding paragraphs.

21      44.    Defendants are making, using, offering to sell, selling, and/or importing

22  into the United States products that infringe at least claims 1, 11, and 17 of the

23  MacInnis '104 patent, including but not limited to the following products:  LG

24  60UH8500 Smart LED TV (incorporates LG LG1312 ARM 1614 B1

25  TGP816.00A); LG OLED55C6P OLED 4K HDR Smart TV (incorporates LG

26  LG1312 ARM 1621 B1 TGV098.00A); and LG 55UH7700 Smart LED TV

27  (incorporates LG XD Engine LGE6551-AA2 G5E73E1 GG23C).

28

45.     Defendants have had actual knowledge of the MacInnis '104 patent since at least as of the date they were served with this Complaint, and at least since that date have had actual knowledge that one or more of their products infringes one or more claims of the MacInnis '104 patent.

46.     On information and belief, Defendants have induced and will continue to induce the infringement of at least one claim of the MacInnis '104 patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting others (including Defendants' sales and service subsidiaries, Defendants' authorized dealers and repair service providers, manufacturers who incorporate Defendants' products into downstream consumer products, retailers of downstream consumer products that incorporate Defendants' products, and consumers and end users) to infringe the MacInnis '104 patent with the specific intent to encourage their infringement, through activities such as marketing Defendants' products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendants' products.

47.     On information and belief, the Defendants contribute to the infringement of one or more claims of the MacInnis '104 patent, in violation of 35 U.S.C. § 271(c), by, among others, end users, because they know that the Accused Products – and, specifically, their above-mentioned products that incorporate the accused SoCs – embody a material part of the claimed inventions of the MacInnis '104 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

48.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the

1  MacInnis '104 patent, Defendants have continued to make, use, sell, offer for sale,

2  and/or import infringing products into the United States despite knowing that there

3  was an objectively high likelihood of infringement of the MacInnis '104 patent.  To

4  the extent Defendants did not know of the objectively high likelihood of

5  infringement, it was so obvious that it should have been known to Defendants.

6      49.    The infringement of the MacInnis '104 patent by Defendants will

7  continue unless enjoined by this Court.

8      50.    The infringing activities by Defendants have caused and will continue

9  to cause irreparable injury to Broadcom for which there exists no adequate remedy

10  at law.

11                          **COUNT 5**

12              **(Infringement of the Aggarwal '967 Patent)**

13     51.    Broadcom incorporates by reference each and every allegation in the

14  preceding paragraphs.

15     52.    Defendants are making, using, offering to sell, selling, and/or importing

16  into the United States products that infringe at least claim 1 of the Aggarwal '967

17  patent, including but not limited to the following products:  LG 60UH8500 Smart

18  LED TV (incorporates LG LG1312 ARM 1614 B1 TGP816.00A); LG OLED55C6P

19  OLED 4K HDR Smart TV (incorporates LG LG1312 ARM 1621 B1

20  TGV098.00A); and LG 55UH7700 Smart LED TV (incorporates LG XD Engine

21  LGE6551-AA2 G5E73E1 GG23C).

22     53.    Defendants have had actual knowledge of the Aggarwal '967 patent

23  since at least as of the date they were served with this Complaint, and at least since

24  that date have had actual knowledge that one or more of their products infringes one

25  or more claims of the Aggarwal '967 patent.

26     54.    On information and belief, Defendants have induced and will continue

27  to induce the infringement of at least one claim of the Aggarwal '967 patent, in

28  violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly

aiding and abetting others (including Defendants' sales and service subsidiaries, Defendants' authorized dealers and repair service providers, manufacturers who incorporate Defendants' products into downstream consumer products, retailers of downstream consumer products that incorporate Defendants' products, and consumers and end users) to infringe the Aggarwal '967 patent with the specific intent to encourage their infringement, through activities such as marketing Defendants' products, creating and/or distributing drivers, data sheets, application notes, and/or similar materials with instructions on using or rendering operable downstream consumer products that incorporate Defendants' products.

55.     On information and belief, the Defendants contribute to the infringement of one or more claims of the Aggarwal '967 patent, in violation of 35 U.S.C. § 271(c), by, among others, end users, because they know that the Accused Products – and, specifically, their above-mentioned products that incorporate the accused SoCs – embody a material part of the claimed inventions of the Aggarwal '967 patent, that they are specially made or specially adapted for use in an infringement of the claims, and that they are not staple articles of commerce suitable for substantial non-infringing use.

56.     On information and belief, Defendants' past and continuing infringement has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285.  After receiving actual knowledge of the Aggarwal '967 patent, Defendants have continued to make, use, sell, offer for sale, and/or import infringing products into the United States despite knowing that there was an objectively high likelihood of infringement of the Aggarwal '967 patent.  To the extent Defendants did not know of the objectively high likelihood of infringement, it was so obvious that it should have been known to Defendants.

57.     The infringement of the Aggarwal '967 patent by Defendants will continue unless enjoined by this Court.

58.     The infringing activities by Defendants have caused and will continue to cause irreparable injury to Broadcom for which there exists no adequate remedy at law.

## PRAYER FOR RELIEF

59.     WHEREFORE, Broadcom requests that judgment be entered in its favor and against Defendants as follows:

A.     Entering judgment declaring that Defendants have infringed, directly and/or indirectly, literally and/or under the doctrine of equivalents, the Patents-in-Suit in violation of 35 U.S.C. § 271;

B.     Issuing preliminary and permanent injunctions enjoining Defendants, their officers, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement of the Patents-in-Suit, within the State of California and across the United States;

C.     Declaring that Defendants' infringement of the Patents-in-Suit is willful and deliberate pursuant to 35 U.S.C. § 284;

D.     Ordering that Broadcom be awarded damages in an amount no less than a reasonable royalty for each asserted patent arising out of Defendants' infringement of the Patents-in-Suit, together with costs, and pre- and post-judgment interest;

E.     Declaring this an exceptional case under 35 U.S.C. § 285 and awarding attorneys' fees and trebling of damages; and

F.     Awarding Broadcom such other costs and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

60.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Broadcom demands a trial by jury on all issues so triable.

1
2
DATED:  March 7, 2017

3
Respectfully submitted,

4
5
6
By:    */s/ Laurie Edelstein*

7
Laurie Edelstein (Bar No. 164466)
ledelstein@steptoe.com
8
Seth Sias (Bar No. 260674)
ssias@steptoe.com
9
STEPTOE & JOHNSON, LLP
1891 Page Mill Road
10
Suite 200
Palo Alto, CA 94304
11
TEL: +1 650 687 9500
FAX: +1 650 687 9499

12
13
Attorneys for Plaintiff
Broadcom Corporation

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28